IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MANDLEY EXCAVATING, LLC,          :

    v.                              :    Civil Action No. DKC 13-0840

ARTHUR H. LUND, JR., et al.       :

**MEMORANDUM OPINION**

Presently pending and ready for review in this mechanic's lien case are the motions to remand (ECF No. 17) and for an emergency hearing and order prohibiting the transfer of real property (ECF No. 22) filed by Plaintiff Mandley Excavating, LLC. The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to remand will be granted, but the fee request will be denied.

## I.  Background

### A.  Factual Background

Defendants Arthur Lund, James Pailthorp, and the estate of Sharon Pailthorp ("in-state Defendants"), all Maryland residents, own real property at 7035 Indian Head Highway in Charles County, Maryland. (ECF No. 2, at 2-3). The real property is composed of two parcels, totaling 20.34 acres. On

September 23, 2010, Defendant Maryland CVS Pharmacy, LLC ("CVS")[1] signed a lease for a 1.84 acre portion of the property. (ECF No. 2-2). The lease between the in-state Defendants and CVS provided for the construction of a 13,225 square foot retail pharmacy, roads, sewers, and infrastructure improvements, both inside and outside of the bounds of the portion of real property described in the lease. The lease contract included specifications for this construction, reserved a non-exclusive right for the in-state Defendants to use these infrastructure improvements, and specified that the in-state Defendants will retain ownership of the new construction and improvements. (ECF No. 17-1).

After signing the lease, CVS contracted with TVC Construction Services for the road construction and infrastructure improvements. TVC then contracted with Kane Builders, S&D, Inc., which, in turn, contracted with Plaintiff Mandley Excavating for a portion of this project. (ECF No. 2-8). Plaintiff provided labor and materials for the construction of the pharmacy and the paving of streets and access roads on and around the portion of the parcel leased by CVS. Plaintiff

---

[1] CVS avers that it is a single-member Maryland LLC, wholly owned by CVS Pharmacy, Inc., which is incorporated in Rhode Island and has its principal place of business in Rhode Island. (ECF No. 1, at 4). Therefore, it argues, for diversity purposes, it is a citizen of that state.

also provided labor and materials for the construction of waterlines, sewers, storm drains, and utilities on and around the land leased by CVS. Plaintiff's work occurred between September 8, 2011 and October 26, 2011. Plaintiff avers that it was not paid the $276,926.45 that it was due for that work.

On October 12, 2011, the in-state Defendants filed a declaration of easements with the clerk of Charles County to establish easement rights for themselves across portions of the real property, including land covered by the lease with CVS. This declaration granted access, parking, utility, and sign easements over Plaintiff's road work for the benefit of the in-state Defendants. (ECF No. 2-10).

**B. Procedural Background**

On February 26, 2013, Plaintiff filed a petition against Defendants in the Circuit Court for Charles County, requesting a mechanic's lien against the real property and CVS's leasehold interest in the property, and asserting claims of unjust enrichment and *quantum meruit*. (ECF No. 2). Defendants removed the case to this court on March 19, asserting that the in-state Defendants were fraudulently joined to avoid removal on the basis of diversity jurisdiction. (ECF No. 1). On April 18, Plaintiff moved to remand the case to state court. (ECF No.

17).[2]  Defendants opposed this motion (ECF No. 23), and Plaintiff replied (ECF No. 27).  Plaintiff has also filed a number of papers requesting an emergency hearing, because it believes that the in-state Defendants are going to sell the property to the State Highway Administration.  (ECF Nos. 18 & 22).  One such motion has been denied.[3]  (ECF No. 20).  Defendants have filed a motion to strike the remaining emergency motion.  (ECF No. 25).

**II. Standard of Review**

This case was removed from Maryland state court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, but, as will be seen, the parties are not completely diverse. Defendants contend that the in-state defendants were "fraudulently joined" and need not be considered for jurisdiction purposes.

The doctrine of fraudulent joinder is an exception to the complete diversity rule that is normally required for a federal court to exercise diversity jurisdiction. *See Bendy v. C.B. Fleet Co.*, No. CCB-10-3385, 2011 WL 1161733, *3 (D.Md. Mar. 28, 2011).  This doctrine allows a federal court to "disregard, for

---

[2] Defendants have also moved to consolidate this case with a related case, *Kane Builders S&D, Inc. v. MD CVS Pharmacy, LLC*, 12-3775.  (ECF No. 11).  Because this case will be remanded to state court, that motion will be denied as moot.

[3] Because this court lacks jurisdiction over this dispute, Plaintiff's remaining motions will not be addressed.  (ECF Nos. 12, 13, 22 & 25).

4

jurisdictional purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999).

When removal is based on a theory of fraudulent joinder, the defendant opposing remand carries a very heavy burden. The defendant must show either that: (1) there has been outright fraud in the plaintiff's pleading, or (2) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

Judges in this court and others around the country have affirmed that "'no possibility' does actually mean no possibility." *Barlow v. John Crane Houdaille, Inc.*, WMN-12-1780, 2012 WL 5388883, at *2 n. 1 (D.Md. Nov. 1, 2012) (citing *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) (noting that a plaintiff is only required to show "a slight possibility of a right to relief" or that he has a "glimmer of hope" of success); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.")).

5

In deciding whether a party has been fraudulently joined, a court may consider not only the allegations contained in the complaint, but the entire record. *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). The court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley*, 187 F.3d at 425 (internal quotation marks omitted) (also noting that the standard is more favorable than the Rule 12(b)(6) standard).

**III. Analysis**

In their notice of removal, Defendants argue that Plaintiff has no chance of establishing a claim against the in-state Defendants because: (1) the in-state Defendants' interest in the land is not lienable; (2) an easement is not lienable; (3) Plaintiff's petition for a mechanic's lien is untimely because the petition misstates the last day that Plaintiff performed work; and (4) Plaintiff cannot recover on theories of unjust enrichment and *quantum meruit*.

In response, Plaintiff outlines a number of reasons it believes that its claims against the in-state Defendants will survive, and the case should be remanded to state court: (1) the Circuit Court has already found reasonable grounds for the

lien to attach against the in-state Defendants;[4] (2) because the in-state Defendants have not controverted the factual allegations of the petition, they are deemed to have admitted those facts pursuant to Md. Code Ann. Real Prop. § 9-106; (3) Maryland lien law permits a mechanic's lien to attach to the property; (4) the in-state Defendants are not insulated from a mechanic's lien because CVS never entered into a separate downstream construction contract; (5) a mechanic's lien should attach because Plaintiff performed work on land owned by the in-state Defendants outside of the leasehold premises; (6) CVS was acting as the agent of the in-state Defendants when it commissioned Plaintiff's work; and (7) questions about the definition and construction of terms in the Notice of Mechanic's Lien cannot be resolved at the removal stage. (ECF No. 17-2, at 7-8).

Defendants supplement the arguments of their removal papers and oppose Plaintiff's motion to remand by arguing that: (1) remand cannot be based upon the Circuit Court's show cause order; (2) they have not admitted the facts alleged in Plaintiff's petition because their motions to dismiss are

---

[4] This argument is unavailing. The show cause order does demonstrate that the state court judge found a reasonable basis for a mechanic's lien to attach to the property. It is silent, however, as to whether a reasonable basis exists to find that a mechanic's lien should attach specifically to the in-state Defendants and their interest in the property.

7

responsive pleadings (ECF No. 12 & 13); (3) CVS controlled every aspect of the construction project; and (4) an easement is not lienable as a matter of law. (ECF No. 23).

All of the parties' arguments will not be addressed here, because at minimum, two of Plaintiff's arguments demonstrate that it holds a "glimmer of hope" that it will prevail against the in-state Defendants. Therefore, this case will be remanded to the Circuit Court for Charles County.

### 1. Potential Agency Relationship between the In-State Defendants and CVS

With respect to the merits of the case, Plaintiff argues that the terms of the lease contract, which compel CVS to erect construction and make improvements on the land, establish an agency relationship between the in-state Defendants and CVS that could render Defendants liable under a mechanic's lien theory. Plaintiff points to *York Roofing, Inc. v. Adcock*, 333 Md. 158 (1993), in which the Maryland Court of Appeals suggested in *dicta* that a third party may be liable on a mechanic's lien where the party that contracted with the subcontractor for the improvements was acting as the agent for that third party. *Id.* at 168-69. Plaintiff argues that there is evidence here that CVS was acting as the agent of the in-state Defendants. Specifically, it points to the lease contract and emails that Plaintiff avers demonstrate the in-state Defendants' control

over CVS, and the parties' mutual consent for the same. *See Ins. Co. of N. Am. v. Miller*, 362 Md. 361, 373 (2001) ("Agency is the fiduciary relation which results from the manifestation of consent by one person (the principal) to another (the agent) that the other shall act on his behalf and subject to his control and consent by the other so to act") (quotations and citations omitted).

Defendants cite North Carolina, Oklahoma, and Virginia law to support their position that an agency relationship cannot be created by a lease that requires improvements to the leasehold property. (ECF No. 23, at 14 n. 8). They do not point to any Maryland law supporting this categorical position. Rather, in Maryland, "[t]he determination of the existence of a principal-agent relationship is, generally, a question of fact." *Miller*, 362 Md. at 372. Construing the contract and emails in the light most favorable to Plaintiff, these documents could demonstrate an agency relationship that could give rise to the in-state Defendants' liability on a mechanic's lien on the leasehold property. Accordingly, at this stage it is inappropriate to conclude that "there is no possibility that the plaintiff would be able to establish a cause of action [based on an agency theory] against the in-state [Defendants] in state court." *Mayes*, 198 F.3d at 464.

### 2. Question of whether Lien is Appropriate on Easement is Issue for Maryland Courts

Defendants also argue that a mechanic's lien cannot attach to the property adjacent to the leasehold and on which the in-state Defendants argue they hold an easement, because the language of the mechanic's lien statute seems to preclude it. As Defendants concede, however, "the issue of whether an easement is lienable has never been addressed by Maryland [c]ourts." (ECF No. 1, at 21). Principles of comity support remand. It is not clear that the in-state Defendants' interest in the property is rightly considered to be an easement. Nevertheless, even assuming Defendant's characterization is correct, because this would be a matter of first impression of "unique questions of state law to which the Maryland courts have a greater interest," this issue will not be addressed by this court. *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 847 (D.Md. 2001) (remanding case where no evidence of fraudulent joinder exists, and complaint raised novel issues of state law).

In sum, Defendants cannot meet their heavy burden of showing that there is no possibility for Plaintiff to recover against the in-state Defendants. Assuming the truth of Plaintiff's allegations, the in-state Defendants' interest in the land both inside and outside of the leasehold property could

potentially be lienable.[5] Accordingly, joinder of those Defendants was not fraudulent, and the case must be remanded to state court.

**B.   Attorneys' Fees**

Attorneys' fees, costs, and expenses may be awarded when a case is remanded to state court, pursuant to 28 U.S.C. § 1447(c). Whether to award attorney fees under this section is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The court's limited authority "to award fees as a sanction for a removal taken in bad faith is widely recognized." *ITT Indus. Credit Co. v. Durango Crushers, Inc.*, 832 F.2d 307, 308 (4th Cir. 1987). Plaintiff argues that Defendants have exhibited bad faith in their attempt to remove the case to federal court. The parties' arguments as to the merits of the mechanic's lien petition demonstrate that the question of whether the in-state defendants are proper parties is a difficult issue. Defendants' basis for removal was neither unreasonable nor frivolous. *See In re Lowe*, 102 F.3d 731, 733 (4th Cir. 1996) (holding that awarding attorney fees and costs was appropriate under § 1447(c) where "'a cursory examination . . . would have revealed' a lack of federal

---

[5] Because Plaintiff's claims will be remanded to state court for the reasons stated above, the viability of its unjust enrichment and *quantum meruit* claims as against the in-state Defendants need not be reached.

11

jurisdiction") (citations omitted).  Accordingly, this portion of Plaintiff's motion will be denied.

## IV. Conclusion

For the foregoing reasons, the motion to remand filed by Plaintiff Mandley Excavating, LLC will be granted.  A separate Order will follow.

                                                          /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge